UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

TIFFANY ISBELL,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIFFANY ISBELL (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., (hereinafter "Defendant"), and alleges:

### VENUE AND JURISDICTION

1. This Claim is an action involving the diversity of citizenship of the parties as more fully described below and for damages in excess of $75,000.00. Alternatively, this case falls within the admiralty jurisdiction of this Court pursuant to 28 USC 1333.

2. Plaintiff, TIFFANY ISBELL, is a citizen and resident of Rockport, Arkansas in Hot Spring County, Arkansas.

3. Defendant, CARNIVAL CRUISE LINES, INC., is a foreign entity with its principal place of business and headquarters in Miami, Florida.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC 1332 and involves complete diversity of citizenship (Plaintiff is a citizen of Arkansas and Defendant has its' principle place of business in Miami-Dade County, Florida) under 28 USC 1332.

5. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
b. Was engaged in substantial and not isolated activity within this state;
c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
f. Operated vessels in the waters of this state;
g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CARNIVAL GLORY.

6. Venue is proper before this Court inasmuch as Defendant maintains its principal place of business and headquarters in Miami-Dade County, Florida.

7. Personal jurisdiction over Defendant is proper before this Court inasmuch as Defendant maintains its principal place of business and headquarters in Miami-Dade County, Florida. The Court has subject matter jurisdiction in this matter.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

**GENERAL ALLEGATIONS**

9. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL GLORY.

10. At all times material hereto, Defendant had exclusive custody and control of CARNIVAL GLORY.

11. On or about November 16, 2019, Plaintiff was a passenger aboard CARNIVAL GLORY which was in navigable waters.

12. On or about November 16, 2019 the Plaintiff was enjoying her vacation aboard Defendant's Ship. At or about 1:30 pm in the afternoon Plaintiff was traversing a set of stairs on the VALOR. Plaintiff was going up a set of interior stairs on the VALOR. She was coming from an area where she had been eating going to the Lido Deck.

2
LOUIS A. VUCCI, P.A.

13. The stairs, unbeknownst to the Plaintiff, were wet and slippery and failed to have any slip prevention materials on the stairway as they were tile stairs.

14. As a result the Plaintiff slipped and fell backwards and fell down many stairs injuring her right shin, left elbow and foot, and both knees.

15. As a consequence, Plaintiff suffered multiple orthopedic injuries.

16. Shortly after that Plaintiff was taken from the Lido Deck Barbeque area to the ship's infirmary for treatment.

17. On her return home she was seen by her primary care physician and has been performing therapy sessions for her multiple injuries.

18. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through seventeen (18) as though fully alleged herein.

19. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

20. On or about November 16, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

21. On or about November 16, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

    a. Failure to ensure that the stairway in question was free of a foreign substance or liquid which made the stairway unreasonably slippery for Plaintiff; and/ or

    b. Failure to clean / dry the stairway in question of the foreign substance which made the stairway slippery for Plaintiff; and / or

    c. Failing to have anti-skid stairs (or non-slip resistant stairs) which would have

precluded the Plaintiff from slipping and falling;

22. Defendant created the foregoing conditions causing Plaintiff's accident.

23. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

24. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant.

25. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, significant emotional injury, disability, disfigurement, aggravation of previously existing conditions; physical handicap; and has incurred medical expenses in the care and treatment of Plaintiff's injuries, both past and future, as well as lost wages past and future. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT II – FAILURE TO WARN

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through sixteen (18) as though fully alleged herein.

26. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

27. On or about November 16, 2019, Defendant, and/or its agents, employees, and/or

servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a hidden and dangerous condition.

28. On or about November 16, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to warn Plaintiff of a dangerous condition, to wit: a foreign substance on the stairway as described above; and/or
   b. Failure to warn Plaintiff of a dangerous condition, to wit: the risk of injury from the unreasonable foreign substance on said stairway.

29. Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

30. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition.

31. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff.

32. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, significant emotional injury, disability, disfigurement, aggravation of previously existing conditions; physical handicap; and has incurred medical expenses in the care and treatment of Plaintiff's injuries, both past and future, as well as past wage loss and future wage loss. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: <u>January 25th, 2021</u>

                        Respectfully submitted,

                        **LOUIS A. VUCCI, P.A.**
                        *Attorney for Plaintiff*
                        One Southeast 3rd Avenue - Suite 3020
                        Miami, Florida 33131
                        Telephone: (305) 573-0125
                        Facsimile: (786) 536-7799

By:    <u>*/s/ Louis A. Vucci*</u>
           LOUIS A. VUCCI
           Florida Bar No. 131581
           louis@thevuccilawgroup.com